By the Court, Nelson, Ch. J.
The only material question in this case is, whether the judgment entered up on the bond and warrant of attorney given at the same time with the lease, extinguished the power of distress within the meaning of 2 R. S. 500, § 2. The section is as follows: “ No distress shall be made for any rent for which a judgment shall have been recovered in a personal action.” It was held in Chipman v. Martin, (13 Johns. R. 240,) that a judgment recovered on the covenant to pay the rent did not operate to extinguish the remedy by distress. The above provision in the revised statutes was intended to confine the landlord in such case to his remedy upon the judgment, with a view to prevent the multiplication of costs; and that object should doubtless be fully carried out.
In the present case, however, the judgment is not only founded on a distinct and different instrument from the lease, but was intended as a mere collateral security. To give to this judgment the effect of extinguishing the remedies upon the lease would be a violation of the agreement and understanding of the parties. No doubt the lessee may waive the operation of the statute, and to my mind it is quite clear that he has done so in the present instance. Besides, it is a general rule that the taking of collateral security even of a higher nature, whether from the principal or a stranger, does not affect the remedies on the original contract; and a judgment is no exception to this rule. (Day v. Leal, 14 Johns. Rep. 404.)
I do not see how we can say that the judgment which Yale confessed operated as an extinguishment of the remedy by distress, unless we assume the province of regulating the amount of security between the landlord and tenant, whatever may have been their own private agreement in the matter.
Judgment for the defendant.